IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERTO I. LOPEZ,
a/k/a MIGUEL A. DOTEL SIERRA

       Petitioner,

v.

MICHAEL DITTMANN,
Warden, Columbia Correctional
Institution,

       Respondent.

OPINION and ORDER

Case No. 16-cv-754-wmc

Petitioner Roberto I. Lopez filed this petition seeking to challenge his convictions on two counts of felony murder under 28 U.S.C. § 2254, based on a violation of his Miranda rights, insufficiency of the criminal complaint, his wrongful extradition and prosecutorial misconduct. The court ordered a response, and now pending is the respondent's motion to dismiss on statute of limitations grounds (dkt. #22), as well as petitioner's renewed request for assistance in recruiting counsel (dkt. #29). For the following reasons, the court will grant respondent's motion and deny petitioner's motion as moot.

BACKGROUND

Following a guilty plea, Lopez was convicted on January 8, 2007, in Milwaukee County Circuit Case Case No. 2002CF3278. Before sentencing, Lopez filed a motion to withdraw his plea. Following a hearing, the circuit court held that: (1) Lopez had not presented a fair and just reason to withdraw his plea; and (2) the state would be

substantially prejudiced if he were allowed to do so. After denying Lopez's motion, the court sentenced him to 20 years of initial confinement followed by 15 years of extended supervision on each count, to run concurrently.

Lopez then filed a post-conviction motion to withdraw his plea under Wis. Stat. § 809.30, arguing that his trial counsel had coerced Lopez into pleading guilty and provided ineffective assistance by failing to present any evidence or testimony on Lopez's behalf at the hearing on his motion to withdraw his plea. The circuit court denied Lopez's post-conviction motion without a hearing, which the Wisconsin Court of Appeals affirmed on December 9, 2008. Finally, the Wisconsin Supreme Court denied his petition for review on April 14, 2009.

Since that final denial in 2009, Lopez has pursued the following unsuccessful state court attacks on his convictions in Case No. 2002CF3278:

1. Motion for post-conviction relief from a guilty plea pursuant to Wis. Stat. § 974.06, filed April 30 and denied May 5, 2009, which Lopez appealed on May 19, 2009, but was affirmed and remittitur issued March 10, 2010. *State v. Lopez*, No. 2009AP1300, 2010 WL 346296 (Wis. Ct. App. Feb. 2, 2010).

2. Motion to vacate the DNA surcharge, filed April 16 and denied April 20, 2010.

3. Second motion to vacate the DNA surcharge, filed May 25 and denied June 2, 2010.

4. Third motion to vacate the DNA surcharge, filed October 6 and denied October 25, 2010.

5. Third motion to withdraw guilty plea, filed November 30, 2010, and denied that same day.

6. Fourth motion to vacate the DNA surcharge, filed September 26 and denied October 4, 2011.

7. Fourth motion to withdraw plea, filed April 30m denied May 1, 2013, and appealed on July 31, but later voluntarily dismissed with remittitur issued December 4, 2013.

8. Fifth motion to withdraw plea, filed October 7 and denied October 10, 2013, which he appealed on October 18, 2013, but voluntarily dismissed with remittitur issued February 27, 2014.

9. Notice of appeal of an unspecified order filed February 3, 2014, which Lopez never pursued and was voluntarily dismissed with remittitur issued December 15, 2014.

10. Letter requesting "post-conviction relief" filed August 18 and denied August 21, 2014, from which Lopez appealed and the court of appeals dismissed for want of jurisdiction with remittitur issued March 25, 2015.

11. Petition for writ of habeas corpus filed in the Wisconsin Court of Appeals on April 18, 2016, which was denied *ex parte* with remittitur issued May 16, 2017.

12. Notice of appeal of an unspecified order filed April 21, and dismissed for lack of jurisdiction with remittitur issued on June 6, 2017.


OPINION

Lopez filed his pending petition for a writ of habeas corpus in this court on November 14, 2016, raising four grounds for relief: (1) the government unnecessarily delayed extraditing him and bringing him to trial in violation of Fed. R. Crim. P. 48(b); (2) his extradition was unlawful because the criminal complaint supporting it was defective; (3) the prosecutor withheld evidence, manipulated witnesses, fabricated evidence and other instances of prosecutorial misconduct; and (4) violations of his *Miranda* rights. This court dismissed claim 1 because the Federal Rules of Criminal Procedure do not apply to state criminal proceedings and are not a basis for habeas relief.

*See* Fed. R. Crim. P. 1 ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."). However, the court ordered the state to respond to Claims 2, 3 and 4. The state has since moved for dismissal on statute of limitation grounds, and Lopez responded by opposing the motion and requesting assistance in recruiting counsel.

I.  **Motion to dismiss**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for all habeas proceedings to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward any period of limitation. § 2244(d)(2). The pendency of such proceedings begins the date the request is filed and lasts until the date the reviewing court resolves the motion, as well as subsequent periods of time during which review by a higher court is sought.

However, where a petitioner does not appeal the results of a postconviction motion, the period of time in which he *could* have appealed is *not* included because nothing was actually pending. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[A] state postconviction petition application remains pending until the application has achieved final resolution through the state's postconviction procedures.") (cites omitted); *Bates v. Indiana Attorney Gen.*, No. 1:07-cv-248, 2013 WL 5436773, at *1 n.1 (N.D. Ind. Sept. 27, 2013) (rejecting argument that time to appeal denial of post-conviction motion should be excluded as tolled because no appeal occurred and thus "nothing was pending"). As a result, while Lopez has been challenging his convictions in state court nearly continuously since his 2007 conviction, his AEDPA statute of limitations period expired more than one year before he filed his November 14, 2016, petition in this court, even accounting for all possible periods of tolling.

As a starting point, the Wisconsin Supreme Court denied Lopez's petition for review on his direct appeal on April 14, 2009. His convictions became final ninety days later -- July 15, 2009.[1] Lopez's statute of limitations was tolled at that point by his filing of a motion for collateral, post-conviction relief pursuant to Wis. Stat. § 974.06, on April 30, 2009. That motion remained pending until March 10, 2010, when the Wisconsin Court of Appeals affirmed the circuit court's order dismissing his motion and issued remittitur.

Therefore, his one-year statute of limitations under § 2254(d)(2) began running on March 10, 2010, but just for **36 days,** or until April 16, 2010, at which time Lopez

---

[1] Lopez had ninety days in which to file a petition for writ of certiorari with the United States Supreme Court, but did not do so.

filed his first motion to vacate the DNA surcharge. That motion remained pending until April 20, 2010, when it was denied. Moreover, since Lopez did not appeal that denial, the statute of limitations started running again from April 21, 2010, until May 25, 2010, when Lopez filed his second motion to vacate the DNA surcharge, adding another **34 days** of running time. That motion was then pending until June 2, 2010, when the court denied it, and because Lopez did not appeal, the statute of limitations ran for another **126 days**, until Lopez filed his third motion to vacate the DNA surcharge on October 6, 2010. That motion tolled the statute of limitations until denied by the circuit court on October 25, 2010. Again, Lopez chose not to appeal and the statute of limitation ran for another **35 days,** until November 30, 2010, when Lopez filed his motion for plea withdrawal. That motion was denied the same day he filed it, and Lopez did not appeal it. At that point, Lopez's statute of limitations had run for a **total of 231 days**, leaving him with just 134 days, or until April 14, 2011, to file his habeas petition. Instead, Lopez filed nothing -- either in state court or this court -- until September 26, 2011, when he filed what was then his *fourth* motion to vacate the DNA surcharge.

Given that Lopez does not dispute any of these facts, his further failure to file his petition in this court for well over another five years after his statute of limitations -- on November 14, 2016 -- renders his petition plainly untimely. Lopez's arguments in opposition are unavailing. As an initial matter, Lopez has not explicitly asserted that the statute of limitations should be equitably tolled, nor has he alluded to facts that might support such a defense, *and it was his burden to do so*. Williams v. Buss, 539 F.3d 683, 685 (7th Cir. 2008). Even assuming that Lopez had timely raised it, the record of Lopez's

6

filings do not support a finding that equitable tolling applies here. The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (equitable tolling is an extraordinary remedy that is rarely granted).

None of Lopez's claims set forth in his petition rely on information that was not readily available at the time that his conviction became final, and Lopez has included no facts or statements in his petition or filings suggesting that he faced any impediment in pursuing a timely petition before this court. To the contrary, Lopez's record of appeal suggests that he not only had all of the information relevant to challenge the validity of his convictions in federal court, he consciously chose instead to focus his efforts on seeking relief through state court proceedings. Even if Lopez had made an equitable tolling argument, therefore, the court sees no basis for this extraordinary remedy.

Instead of disputing that his petition was untimely, Lopez attempts to argue the merits of his challenge to his guilty plea. In fact, he appears to acknowledge that his claim was untimely, and nonetheless insists that this court can review the merits of his petition because there is no "jurisdictional bar" to this court reviewing his extradition order, citing an advisory committee note to Rule 5 of the Rule Governing Section 2255 Cases. (Dkt. #25, at 4.) However, Rule 5 does not provide the support Lopez suggests. Rather, the advisory committee note that Lopez cites actually references the court's

ability to review a motion to vacate *while a direct appeal is pending*, not this court's ability to hear an untimely petition challenging a state court judgment under § 2254.

To somehow resurrect his claim, Lopez also cites the standard for maintaining a cause of action under 42 U.S.C. § 1983. However, that statute, which is applicable to litigants seeking money damages against state actors for constitutional violations, has no bearing on a lawsuit seeking relief from a conviction and sentence. *See Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (setting out the differences between § 2254 and § 1983 actions, in particular emphasizing that an action under § 2254 must attack the legality, duration or severity of custody).

Finally, Lopez cites to Federal Rule of Criminal Procedure 12, which permits a court to consider an untimely motion in a federal criminal trial upon a showing of good cause. This lawsuit is not a criminal trial, however, it is a civil, collateral attack on a criminal conviction. In particular, the rules governing habeas proceedings explicitly provide that the Federal Rules of *Civil* Procedure apply. Rule 12 of the Rules Governing Section 2254 Cases.

Having denied Lopez's petition, under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and

citations omitted). In this instance, the court declines to issue a certificate of appealability because reasonable jurists would not debate whether this petition, submitted over five years after his statute of limitations ran, is untimely.

II. **Motion for assistance in recruiting counsel**

The court previously denied Lopez's request for assistance in recruiting counsel, explaining that in the context of a § 2254 petition, such a request is rarely granted. While a federal court *may* recruit counsel for a financially-eligible petitioner when "the interests of justice so require," 18 U.S.C. § 3006A(g), unlike a civil action under 42 U.S.C. § 1983, a habeas corpus action is generally resolved on paper without discovery or a new trial -- often the two most difficult tasks for *pro se* litigants. *See Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). That was the case with this petition: to resolve respondent's motion, the court reviewed the undisputed timeline of Lopez's various state court proceedings. Thus, even accepting that Lopez lacks knowledge of the law and has difficulty expressing himself, this court was able to understand the nature of his claims and the arguments he raised in opposition to respondent's motion to dismiss. As such, the court is not convinced that the legal and factual difficulty of this matter exceeded Lopez's ability to litigate it, especially when plainly barred by the applicable statute of limitations.

ORDER

IT IS ORDERED that:

1) Respondent's motion to dismiss (dkt. #22 ) is GRANTED under 28 U.S.C. § 2244(d).

2) Petitioner's renewed motion for assistance in recruiting counsel (dkt. #29) is DENIED as moot.

3) Petitioner's habeas corpus petition is DENIED and this matter is DISMISSED.

4) A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 15th day of May, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge